Sealed

Public and unofficial staff access
to this instrument are
prohibited by court order.

United States District Court
Southern District of Texas
FILED

JAN 2 4 2017

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

UNITED STATES OF AMERICA §      §
§
vs. §      CRIMINAL NO.   B - 17 - 047
§
**ARNOLDO VILLAGOMEZ** §

## SEALED
## INDICTMENT

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times material to this Indictment:

1.    The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1),

as "any person under the age of eighteen years."

2.    The term "child pornography", for purposes of this Indictment, is defined, pursuant to

Title 18, United States Code, Section 2256(8)(A), as:

"any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -

(A)    the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3.    The term "sexually explicit conduct" is defined, pursuant to Title 18, United States

Code, Section 2256(2)(A), as any:

"actual or simulated -
(i)    sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
(ii)    bestiality; [or]

1

(iii)   masturbation; [or]
(iv)   sadistic or masochistic abuse; or
(v)    [the] lascivious exhibition of the genitals or pubic area of any person."

4.   The term "computer" is defined, pursuant to Title 18, United States Code, Sections

2256(6) and 1030(e)(1), as any:

"electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5.   The term "producing" is defined, pursuant to Title 18, United States Code, Section

2256(3) and case law, as:

"producing, directing, manufacturing, issuing, publishing or advertising," and includes downloading images from another source, buy using materials, including a computer or parts thereof.

6.   The term "visual depiction" is defined, pursuant to Title 18, United States Code,

Section 2256(5), as including, but is not limited to, any:

"undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Distribution of Child Pornography)

On or about May 26, 2016, in the Southern District of Texas, within the jurisdiction of

the Court, and elsewhere, Defendant,

**ARNOLDO VILLAGOMEZ,**

did knowingly distribute and attempt to distribute child pornography, as defined in Title 18

United States Code, Section 2256 (8)(A), using any means or facility of interstate or foreign

commerce, or that had been shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).

## COUNT TWO
### (Distribution of Child Pornography)

On or about June 29, 2016, in the Southern District of Texas, within the jurisdiction of the Court, and elsewhere, Defendant,

## ARNOLDO VILLAGOMEZ,

did knowingly distribute and attempt to distribute child pornography, as defined in Title 18 United States Code, Section 2256 (8)(A), using any means or facility of interstate or foreign commerce, or that had been shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).

## COUNT THREE
### (Distribution of Child Pornography)

On or about August 23, 2016, in the Southern District of Texas, within the jurisdiction of the Court, and elsewhere, Defendant,

## ARNOLDO VILLAGOMEZ,

did knowingly distribute and attempt to distribute child pornography, as defined in Title 18 United States Code, Section 2256 (8)(A), using any means or facility of interstate or foreign

3

commerce, or that had been shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).

### COUNT FOUR
### (Possession of Child Pornography)

On or about November 9, 2016, within the Southern District of Texas, within the jurisdiction of the Court, and elsewhere, Defendant,

### ARNOLDO VILLAGOMEZ,

did knowingly possess material that contained multiple images of child pornography, which had been mailed or shipped and transported using any means and facility of interstate or foreign commerce or in or affecting interstate and foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, shipped, and transported in or affecting interstate and foreign commerce, by any means, including by computer, more specifically: the defendant possessed an XP Desktop, a Samsung Fuji Laptop, a PNY USB thumb drive, a Memorex USB thumb drive, a Data Traveler USB thumb drive, a Lexar USB thumb drive, a Black Dell, and a Dell Inspiron computer, which contained images and videos of child pornography.

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

### NOTICE OF FORFEITURE
### 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United

States gives the defendant notice that in the event of conviction for the offenses charged in Counts One through Four of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts One through Four; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts One through Four, or any property traceable to such property, including, but not limited to, the following:

An XP Desktop, a Samsung Fuji Laptop, a PNY USB thumb drive, a Memorex USB thumb drive, a Data Traveler USB thumb drive, a Lexar USB thumb drive, a Black Dell laptop, and a Dell Inspiron computer.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

*Ana C. Cano*

ANA C. CANO
Assistant United States Attorney

5